# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ZARKO STEFANOVIC, Individually and on Behalf of All Others Similarly Situated, | Case No.: 17-cv-1483 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **Jury Trial Demanded** |
| NORTHERN SERVICE BUREAU ESCANABA, INC., | |
| Defendants. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiffs Zarko Stefanovic is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family, or household purposes. Specifically, the alleged debt was for a personal credit card account.

5. Defendant Northern Service Bureau Escanaba, Inc. ("Northern Service") is a foreign corporation with its principal place of business located at 111 North Ninth Street, Escanaba, MI 49829.

6. Northern Service is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Northern Service is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Northern Service is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about February 27, 2017, Northern Service mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Dickenson County Healthcare System." A copy of this letter is attached to this complaint as Exhibit A.

9. Upon information and belief, the alleged debt identified in Exhibit A was incurred through a transaction for personal medical services with an agreement to defer pay.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Northern Services to attempt to collect alleged debts.

12. Upon information and belief, Exhibit A was the first letter Plaintiff was sent by Northern Service regarding this alleged debt.

13. Upon information and belief, Northern Service first became involved in the collection of the alleged debt identified in Exhibit A after the alleged debt was in default.

14. Exhibit A lists one account with a balance of $1,180.00.

2

15. Exhibit A also lists an account number ending in "5416-00" and provides a date of last activity of 06/04/2016.

16. Exhibit A includes the following text:

**PRE-COLLECT**

We have been notified by **DICKINSON COUNTY HEALTHCARE SYSTEM** that you have not paid the above mentioned account.

**DICKINSON COUNTY HEALTHCARE SYSTEM** has no alternative but to assign your account to us for collection action if they have not received payment in full within the next thirty days.

**DICKINSON COUNTY HEALTHCARE SYSTEM** has no alternative but to assign your account to us for collection action if they have not received payment in full within the next thirty days.

17. Exhibit A is misleading to the unsophisticated consumer. There is no such status as "pre-collect."

18. Northern Service was already a debt collector and engaging in debt collection when it sent Exhibit A to Plaintiff. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003) ("For purposes of applying the Act to a particular debt, these two categories--debt collectors and creditors--are mutually exclusive.")

19. Using the term "pre-collect" and including the "thirty day" warning gives the consumer the false impression that he can avoid debt collection when in fact, debt collection has already commenced.

20. Exhibit A additionally includes the following text:

This debt will be assumed to be valid by the collector unless, within 30 days after receipt of this notice, you dispute the validity of this debt, or any portion thereof. Unless you notify us within 30 days of receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume the debt is valid. If you notify us, in writing, of a dispute as to the amount owed within thirty days from receipt of this notice, we will obtain verification of the debt, or a copy of any judgment entered against you, and mail you a copy. If you request it, in writing, within 30 days after receipt of this notice, we will provide you with the name and address of the original creditor, if it is different from the current creditor.

21. The text in Exhibit A is Defendant's attempt at the debt validation notice required by 15 U.S.C. §§ 1692g(a), which provides:

**(a) Notice of debt; contents**

3

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> ...
>
>> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>>
>> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>>
>> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

22. Northern Service's letter states: "If you notify us, in writing, of a dispute as to the amount owed within thirty days from receipt of this notice, we will obtain verification of the debt, or a copy of any judgment entered against you, and mail you a copy." This language is inconsistent with the corresponding portion of the validation notice. 15 U.S.C. § 1692g(a)(4).

23. <u>Exhibit A</u> states that the consumer's dispute of the alleged debt is limited to "a dispute as to the amount owed." Nothing in 15 U.S.C. § 1692g(a) limits disputes solely to the amount of the debt. The consumer may dispute a debt, for example, to identify which of several similar or identical charges to which the debt collection letter refers. Repeating, identical charges are supposedly common in medical account collections.

24. Further, the Seventh Circuit has held that a consumer may dispute a debt for any reason, even if the consumer believes he owes the debt. *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 583 (7th Cir. 2010) ("'dispute' is a term of art in the Fair Debt Collection Practices Act. It means that the consumer can, without giving a reason, require that the debt collector verify the existence of the debt before making further efforts to collect it.")

4

25. Failure to provide the correct validation notice pursuant to 15 U.S.C. § 1692g(a) is a *per se* violation of the FDCPA. No analysis of materiality of the error or omission is required. *Janetos v. Fulton Friedman & Gullace, LLP*, 2016 U.S. App. LEXIS 6361 *15-16 (7th Cir. Ill. Apr. 7, 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

26. For the purposes of Plaintiff's claims under 15 U.S.C. § 1692e, such a false statement is a material false statement, as it imparts in the unsophisticated consumer a false belief about the requirements to dispute a debt.

27. In general, false, misleading or confusing statements about the debt itself, or about the creditor's, debtor's or debt collector's rights or intentions, are all material. *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

28. Moreover, 15 U.S.C. §§ 1692g(b) provides "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

29. By including a statement demanding payment in full within the thirty days proceeding to avoid further collection activities, Exhibit A overshadows the debt validation notice required by 15 U.S.C. §§ 1692g(a).

30. On or about August 29, 2017, Northern Service mailed another debt collection letter to Plaintiff regarding the alleged debt owed to "Dickenson County Healthcare System." A copy of this letter is attached to this complaint as Exhibit B.

31. Upon information and belief, Exhibit B is another example of the same form letter used to generate Exhibit A.

5

32. Exhibit B lists substantially the same account number as that listed in Exhibit A, ending in "5416-0A," and again provides a date of last activity of 06/04/2016. Upon information and belief, Exhibit A and Exhibit B refer to the same account with an alleged debt for the same medical service.

33. Despite listing the same account, Exhibit B lists a balance of $1,160.00, twenty dollars less than the account balance listed in Exhibit A.

34. Plaintiff did not make a payment that would account for the $20 difference.

35. Furthermore, despite being sent over six months after Exhibit A, Exhibit B includes the same threatening statement that the creditor "has no alternative but to assign your account to us for collection action if they have not received payment in full within the next thirty days."

36. Additionally, Exhibit B provides the same validation notice as Exhibit A.

37. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016)

("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

38. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

39. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. 15 U.S.C. § 1692e(2)(a) specifically prohibits "the false representation of the character, amount, or legal status of any debt."

41. 15 U.S.C. § 1692e(5) specifically prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken."

7

42. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

43. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

44. 15 U.S.C. §§ 1692g(b) prohibits "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

## COUNT I – FDCPA

45. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

46. Exhibits A and B are misleadingly labeled "PRE-COLLECT."

47. Exhibits A and B are false and misleading to the unsophisticated consumer.

48. There is no such status as "pre-collect." Northern Service was already a debt collector and engaging in debt collection when it sent Exhibit A to Plaintiff.

49. Using the term "pre-collect" and including the "thirty day" warning gives the consumer the false impression that he can avoid debt collection when in fact, debt collection has already commenced.

50. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g(a).

## COUNT II – FDCPA

51. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

52. Exhibit A states that the consumer's dispute of the alleged debt is limited to "a dispute as to the amount owed." This language is inconsistent with the corresponding portion of the validation notice. 15 U.S.C. § 1692g(a)(4).

53. Nothing in 15 U.S.C. § 1692g(a) limits disputes solely to the amount of the debt. The consumer may dispute a debt, for example, to identify which of several similar or identical charges to which the debt collection letter refers. Repeating, identical charges are supposedly common in medical account collections.

54. Further, the Seventh Circuit has held that a consumer may dispute a debt for any reason, even if the consumer believes he owes the debt.

55. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g(a)(3).

## COUNT III – FDCPA

56. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

57. Exhibit A includes both the FDCPA validation notice and a statement demanding payment in full within the thirty days proceeding to avoid further collection activities.

58. Exhibit A does not include any explanatory language explaining how the consumer could have 30 days to dispute the debt but must pay within 30 days. *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997).

59. Exhibit A overshadows the debt validation notice required by 15 U.S.C. §§ 1692g(a).

60. Defendants violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g(b).

9

## COUNT IV -- FDCPA

61. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

62. Exhibit A and Exhibit B list different balances for the same account despite the fact that the date of "last activity" provided predates both collection letters.

63. In at least one or both instances, Northern Service misstates the amount of the debt.

64. Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692f, and 1692g(a)(1).

## COUNT V – FDCPA

65. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

66. Despite over six months intervening between the collection letters, both Exhibit A and Exhibit B state that the creditor "has no alternative but to assign your account to us for collection action if they have not received payment in full within the next thirty days."

67. Because such statement implies collection action has not yet begun on the account, the statements are inconsistent and either one or both of the statements must be false, deceptive, or misleading to the unsophisticated consumer.

68. Defendants violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f.

## CLASS ALLEGATIONS

69. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter enclosed by an envelope in the form represented by Exhibit A and Exhibit B, (c) seeking to collect a debt for personal, family,

10

or household purposes, (d) between October 27, 2016 and October 27, 2017, inclusive (e) that was not returned by the postal service.

70. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

71. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A and Exhibit B violate the FDCPA.

72. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

73. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

74. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

75. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 27, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bjslatky@ademilaw.com

12